Brennan, J.
Aggrieved by the trial judge’s decision, Wal-Mart Stores, Inc. (hereinafter, the defendant) brought this appeal pursuant to Rule 8C of the District/ *45 Municipal Courts Rules for Appellate Procedure. The facts necessary for an understanding of the issues involved are as follows:
On or about December 6, 1995, Mary H. Youtas (hereinafter, the plaintiff) was injured when she tripped on a pallet and/or pallet jack at the defendant store in Westborough, Massachusetts. On or about June 21, 1996, plaintiff filed a complaint in negligence against defendant and on July 9, 1996, defendant filed an answer and demand for jury trial. The matter was tried on November 23, 1998, and, at close of the plaintiff’s case, defendant filed a motion for involuntary dismissal, which was denied. Defendant then filed another motion for involuntary dismissal at the close of all the evidence, which was also denied. On January 4, 1999, judgement entered for the plaintiff in the amount of $92,000.00 plus interest in the amount of $28,023.00 and costs of $136.70. On January 13,1999, defendants filed notice of appeal pursuant to Rule 8C.
The issues presented for review are as follows:
1. Whether the defendant/appellant is liable to the plaintiff/appellee for a fall where no evidence as to what caused her fall was introduced at trial.
2. Whether defendant/appellant should be held liable for a fall allegedly caused by a pallet jack which was being used by defendant/appellant in the course of business and was necessary to the operation of business.
3. Whether defendant/appellant had a duty to keep the aisles of its store clear when customers are visiting the store.
4. Did defendant/appellant have a duty to provide visual or audio warnings regarding the existence of prongs on the pallet jack and whether defendant/appellant was negligent for failing to provide such warnings.
5. Whether defendant/appellant was entitled to an involuntary dismissal pursuant to Mass R. Civ. R, Rule 41(a).
In his Subsidiary Findings of Fact and Rulings of Law of the Court, the trial judge clearly found that
The store manager of Wal-Mart Stores, Inc., Susan Shearer, arrived at the store at 8:00 a.m. It was her responsibility to see that the aisles were clear and the pallets ... were off the floor when the store was opened for the public at 9:00 a.m. The store did open at 9:00 a.m. At that time, the aisles were not clear. There were some pallets remaining in some of the aisles; the manager was in fact pulling a pallet mover.
The judge further found that:
The plaintiff Mary H. Youtas ... was proceeding through the aisles as directed area where boxes were piled up on pallets in the aisle. She had to back up to negotiate around them. As she did, the store manager ... was bringing a pallet carrier through the aisle.... It had two prongs sticking out the back, used to pick up pallets, which were at foot or ground level. There were no audio or visual warnings to warn of the extending prongs. ... The plaintiff ... tripped over the prong carriers and was injured....
Clearly, the trial judge found that the plaintiff fell over the extended prongs on a pallet carrier and that she sustained injuries as a result of the fall. The judge further found that:
... the failure to have the aisles cleared when the public entered the store, and the failure to provide visual or audio warnings of the protruding prongs were acts of negligence; the plaintiff was caused to fall; and the injuries to the plaintiff were caused by the negligence of the defendant.
*46 It is well established in the Commonwealth of Massachusetts that factual findings made by a trial judge will not be disturbed on appeal unless the findings were clearly erroneous. Rule 52(c) of the Mass R. Civ. P. states that “Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses.” In the present case the trial transcript clearly supports the findings of the judge. During the course of trial the judge had the opportunity and ability to assess the credibility of the witnesses. The findings of the court are rational and supported by the credible evidence.
Defendant/appellant asserts that a store owner cannot be found negligent when a plaintiff suffers injuries caused by a piece of equipment necessary to the operation of the store’s business. The trial judge found, however, that the plaintiff was unaware of the presence of the pallet jack and that she had never been warned or advised of its presence. The court found that the defendant had a duty to keep its premises in reasonably safe condition or that it had a duty to warn customers of the existence of any potentially dangerous equipment. The court found that the defendant/appellant failed to keep its premises in reasonably safe condition and that defendant/appellant failed to warn customers of the dangerous condition.
Finally, defendant/appellant argues that the court erred in denying his motion for involuntary dismissal at the close of the plaintiffs case. The court found liability on the part of the defendant/appellant. The plaintiff testified, and the court found, that she tripped over the prong carriers that were at, or near, ground level. The court properly denied defendant/appellant’s motion for involuntary dismissal.
For the above reasons we conclude that there was no error and the appeal is hereby dismissed.